UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                          Case No.: 8-15-75534-AST
                                                                                     Chapter 7
Samuel Osuji,

                        Debtor(s).
-------------------------------------------------------X

## ORDER GRANTING RELIEF
## FROM THE AUTOMATIC STAY

***The bankruptcy case and motion for relief from stay***

On December 30, 2015, Samuel Osuji ("Debtor"), filed a voluntary petition for relief

under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  Kenneth

Kirschenbaum was appointed the chapter 7 trustee (the "Trustee").

On January 13, 2016, Debtor filed bankruptcy schedules, including Schedule A/B,

asserting, *inter alia*, a fee simple ownership interest in various properties, including a property

located at 113 Lawrence Street, Uniondale, NY 11553 (the "Property").  [dkt item 9]

On October 27, 2016, the Trustee filed a status report and stated, among other things, that

he did not intend to administer any interest of this bankruptcy estate in the Property.  [dkt item

40]

On March 15, 2017, Deutsche Bank National Trust Company as Trustee for Indymac

INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1

("Deutsche"), filed a motion for relief from the automatic stay with respect to the Property and

scheduled a hearing for April 20, 2017 (the "Motion").  [dkt items 69-70]  In its Motion,

Deutsche submitted an affirmation of Brett L. Messinger, counsel to Deutsche, affirming that

Deutsche is the holder of a note endorsed in blank (the "Note") and the assignee of mortgage (the

"Mortgage") that secures the Note and encumbers the Property; the Note and Mortgage are

further described below.[1]  The value ascribed to the Property is approximately $257,300 and the

amount due under the Note and Mortgage is approximately $602,940.97.[2]

On April 13, 2017, Debtor filed an extensive opposition to the Motion (the

"Opposition").  [dkt item 77]  In his Opposition, Debtor asserts Deutsche is not the holder of the

Note and Mortgage and does not have standing to seek relief from the automatic stay.[3]  Debtor

did not refute the amount owing under the Note with any competent evidence; he did, however,

file amended schedules reflecting a substantial increase in the value he first swore to for the

Property of $189,000 up to $559,000 [dkt item 68] and submitted an appraisal report dated

March 25, 2017 reflecting an even higher value of $612,500.  [dkt item 77-11]

On April 20, 2017, the Court held a hearing on the Motion (the "Hearing").  Deutsche

appeared at the Hearing by counsel; Debtor appeared along with counsel.  At the Hearing,

Deutsche's counsel stated he had the original Note in his possession with him in court.

Based on the entire record before the Court, Deutsche has successfully demonstrated for

purposes of the Motion that it is the holder of the Note endorsed in blank and has standing to

seek relief from the automatic stay.  Thus, the Court grants the Motion for cause, including lack

of adequate protection, under 11 U.S.C. § 362(d)(1).

---

[1] *See* Affirmation of Brett L. Messinger in Support of Motion for Relief From Automatic Stay ("Messinger Affirmation"). [dkt item 69]

[2] *See* Messinger Affirmation, Exhibit I; General Order #533 Affidavit.  [dkt item 70]

[3] Subsequently, on April 14, 2017, Deutsche filed an emergency motion to continue hearing, requesting the Court adjourn the Motion for thirty days to allow Deutsche additional time to review the Opposition (the "Emergency Motion").  [dkt item 78]  The Court did not address the Emergency Motion before holding a hearing on the Motion; the Emergency Motion is now moot.

*The Note, Mortgage, and state court proceedings*

On January 5, 2007, Fidelis Mgbeahuru ("Mgbeahuru") borrowed $375,000.00 from IndyMac Bank, F.S.B. ("IndyMac"), to purchase the Property, executed the Note in the original principal amount of $375,000.00, and executed the Mortgage to secure payment of the Note by pledging the Property as collateral.[4]

On July 21, 2010, the Mortgage was assigned to OneWest Bank, FSB by way of an assignment of mortgage; on May 30, 2012, the Mortgage was assigned to Deutsche.[5]   The Note was also endorsed in blank by IndyMac.

Since April 1, 2009, the Note and Mortgage have been in default.[6]

On December 30, 2009, a foreclosure action was filed by OneWest Bank, FSB as successor in interest to IndyMac Bank, FSB against Mgbeahuru in the Supreme Court of the State of New York, Nassau County under Index No. 2009-016475.[7]

In 2012, Debtor filed an action against Mgbeahuru in the Supreme Court of the State of New York, County of Nassau at Index No. 2012/14253, seeking a judgment awarding him legal title to the Property free of any liens, and was awarded a default judgment on March 7, 2014.[8]

*The adversary proceeding*

On March 30, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08045 (the "Adversary") against IndyMac Bank F.S.B. et al, (the "IndyMac Complaint"). [adv. pro. no.:

---

[4] *See* Messinger Affirmation, Exhibits A, B, and C.

[5] *See* Messinger Affirmation, Exhibits D and E.

[6] *See* General Order #533 Affidavit, Exhibit A.

[7] *See* Messinger Affirmation, Exhibits G.

[8] *See* Messinger Affirmation, Exhibit F.

16-08045; dkt item 1]  In the IndyMac Complaint, Debtor alleges, *inter alia*, that IndyMac is not the holder of the Note and Mortgage that encumbers the Property.

On May 23, 2016, Deutsche filed an answer to the Complaint, alleging Debtor improperly pled IndyMac Bank F.S.B., as a defendant and that Deutsche is the holder of the Note and Mortgage.  Additionally, on May 23, 2016, Deutsche filed an opposition to Debtor's then pending motion for default, asserting IndyMac is no longer the entity servicing the loan, and has no beneficial rights under the Mortgage.

On February 2, 2017, the Court issued a Decision and Order abstaining from hearing the Adversary.  [adv. pro. no.: 16-08045; dkt item 29]  The Court determined that permissive abstention from the Adversary was warranted for the efficient administration of the estate, as the trustee has determined not to pursue any interest in the Property, state law issues predominate over bankruptcy related issues, and because there is a pending state court proceeding related to the Property.  *In re Osuji*, 564 B.R. 180 (Bankr. E.D.N.Y. 2017).

Thus, the issues of who has what rights in the Property will be determined in state court, not this Court.

***Standing to seek stay relief***

This Court in *In re Escobar* had previously determined what evidence a party seeking stay relief must bring forward to demonstrate an adequate interest in the property at issue for a bankruptcy court to consider granting relief from the stay:

> evidence necessary to establish standing to seek stay relief to commence or continue a foreclosure action should include a demonstration that the movant has the right under applicable state law to enforce the mortgage; however, standing should not require evidence which would be necessary to prevail over a claim objection or to prevail in an adversary proceeding asserting that the claimant does not hold a valid, perfected and enforceable lien.

457 B.R. 229, 235-39 (Bankr. E.D.N.Y. 2011).

Under New York law, a party has the right to enforce a mortgage "once a promissory note is tendered to and accepted by an assignee, [because] the mortgage passes as an incident to the note." *Id.* (citing *Mortgage Elec. Registration Sys., Inc. v. Coakley*, 41 A.D.3d 674, 838 N.Y.S.2d 622 (N.Y. 2007)). "Rights under a mortgage lien are beneficially transferred to the assignee of a promissory note, without the execution of a written assignment of the mortgage, and even without a written assignment of the mortgage." *Escobar*, 457 B.R. at 240. "An endorsement in blank renders the note as bearer paper under the U.C.C. as enacted and in effect in New York, and negotiation of bearer paper is effectuated by delivery." *Id.*; 12 N.Y.U.C.C. Law §§ 3–302(1), 3–204(2).

Here, Deutsche has presented uncontroverted affirmation testimony that it is in physical possession of the original Note endorsed in blank, in addition to being an assignee of the Mortgage, and has thus demonstrated its jurisprudential standing.

However, "granting or denying a stay relief motion is not and should not be considered a determination of the ultimate enforceability or unenforceability of the note and lien at issue." *Escobar*, 457 B.R. at 236. Thus, whether Deutsche can ultimately prevail in a state foreclosure action and obtain a judgment of foreclosure is for the state courts to determine.

### *Why cause exists under § 362(d)(1)*

Courts have broad discretion in granting stay relief. *In re Bennett Funding Group, Inc.*, 212 B.R. 206, 211 (2d Cir. 1997) (citing *Manhattan King David Restaurant, Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y. 1993)); *In re Fierro*, No. 1-14-41439-NHL, 2015 WL 3465753, at *4 (Bankr. E.D.N.Y. May 29, 2015). The automatic stay may be modified "for cause" pursuant to 11 U.S.C. § 362(d)(1). The movant bears the initial burden of showing "cause." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *Fierro*, 2015 WL 3465753, at *4. If a sufficient showing is made, the burden shifts to the debtor to demonstrate that there is insufficient "cause" to modify

the stay. *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992); *Fierro*, 2015 WL 3465753, at

*4.

The Second Circuit has adopted a list of twelve factors (the "*Sonnax* Factors") to

determine whether cause exists to lift the automatic stay to allow a stayed proceeding to continue

in state court. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). They are:

> (1) whether relief would result in a partial or complete resolution of
> the issues; (2) lack of any connection with or interference with the
> bankruptcy case; (3) whether the other proceeding involves the
> debtor as a fiduciary; (4) whether a specialized tribunal with the
> necessary expertise has been established to hear the cause of action;
> (5) whether the debtor's insurer has assumed full responsibility for
> defending it; (6) whether the action primarily involves third parties;
> (7) whether litigation in another forum would prejudice the interests
> of other creditors; (8) whether the judgment claim arising from the
> other action is subject to equitable subordination; (9) whether
> movant's success in the other proceeding would result in a judicial
> lien avoidable by the debtor; (10) the interests of judicial economy
> and the expeditious and economical resolution of litigation; (11)
> whether the parties are ready for trial in the other proceeding; and
> (12) impact of the stay on the parties and the balance of harms.

*See Fierro*, 2015 WL 3465753, at *4.

A movant need not satisfy every one of the twelve factors. *Mazzeo*, 167 F.3d at 143; *In

re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994). The court should weigh the particular

circumstances of each case to reach the solution that is most just to all parties. *In re Keene

Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994).

Application of the *Sonnax* Factors weighs in favor of granting relief from the automatic

stay to allow the adjudication of the Debtor's and Deutsche's claims. The Court in abstaining

from the Adversary has already determined that Debtor's filing stayed a state court proceeding;

to keep the stay in effect is inimical to the ability of the parties to receive a determination of who

has what rights in the Property. As this Court abstained in favor of the state court, clearly so that

court could adjudicate the claims of Debtor and Deutsche, Debtor's argument that the stay

should not be lifted has no merit; were the stay to remain in effect, there would be no ability of the state court to adjudicate the very claims and assertions made by Debtor and by Deutsche. Thus, cause clearly exists.

In addition, neither the Note obligor nor Debtor has made payments on the Note in approximately eight years. These ongoing material defaults constitute a lack of adequate protection.

Accordingly, it is hereby

**ORDERED**, that the automatic stay in effect, as it applies to the Property, pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(1) for cause, including lack of adequate protection; and it is further

**ORDERED**, that the automatic stay is terminated as to Deutsche, its agents, assigns or successors in interest, so that Deutsche, its agents, assigns or successors in interest, may take any and all action under applicable state law to exercise it remedies against the Property; and it is further

**ORDERED**, that the Chapter 7 Trustee shall be served with a copy of the referee's report of sale within **thirty (30) days** of the report, if applicable, and shall be noticed with any surplus monies realized from the sale of the Property; and it is further

**ORDERED**, that all other relief sought in the Motion and Debtor's Opposition is denied.



**Dated: May 9, 2017**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**