UNITED STATED BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

SAMUEL OSUJI,

              Debtor.

-------------------------------------------------------------x

Chapter 7
Case No.: 15-75534-AST

## ORDER DENYING MOTION FOR RECONSIDERATION

*General Background*

On December 30, 2015, the above captioned debtor, Samuel Osuji (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Kenneth Kirschenbaum was appointed the chapter 7 trustee (the "Trustee").

On January 13, 2016, Debtor filed bankruptcy schedules, including Schedule A/B, asserting, *inter alia*, a fee simple ownership interest in various parcels of real property, including 113 Lawrence Street, Uniondale, NY 11553 (the "Property"). [dkt item 9]

On October 27, 2016, the Trustee filed a status report and stated, among other things, that he did not intend to administer any interest of this bankruptcy estate in the Property. [dkt item 40]

On March 15, 2017, Deutsche Bank National Trust Company as Trustee for Indymac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1 ("Deutsche"), filed a motion for relief from the automatic stay with respect to the Property and scheduled a hearing for April 20, 2017 (the "Motion"). [dkt items 69, 70] In its Motion, Deutsche submitted an affirmation of Brett L. Messinger, counsel to Deutsche, affirming that Deutsche is the holder of a note endorsed in blank (the "Note") and the assignee of mortgage (the "Mortgage") that secures the Note and encumbers the Property.

On April 13, 2017, Debtor filed an extensive opposition to the Motion (the "Opposition").  [dkt item 77]

On April 20, 2017, the Court held a hearing on the Motion (the "Hearing").  Deutsche appeared at the Hearing by counsel; Debtor appeared along with counsel.  At the Hearing, Deutsche's counsel stated he had the original Note in his possession with him in court.

On April 27, 2017, Debtor filed a motion requesting the Court reconsider Debtor's Opposition to the Motion (the "Motion to Reconsider").[1]  [dkt item 82]

On May 9, 2017, the Court entered an Order granting the Motion pursuant to 11 U.S.C. § 362(d)(1) for cause, including lack of adequate protection (the "Order").  [dkt item 85]

On May 16, 2017, Deutsche filed an opposition to the Motion to Reconsider (the "Opposition to Reconsider").  [dkt item 91]

On May 23, 2017, Debtor filed a Notice of Appeal of the Order to District Court.  [dkt item 93]

On June 10, 2017, Debtor filed an affirmation in further support of his Motion to Reconsider.  [dkt item 103]  Debtor contends that the Court did not inspect the original Note at the April 20 Hearing; additionally, Debtor seeks to introduce testimony from Donald Frangipani that the Note produced at the April 20 Hearing is in fact not the original Note.

On June 19, 2017, Deutsche filed a sur-reply in further opposition to the Motion to Reconsider.  [dkt item 104]  Deutsche asserts that the Motion to Reconsider raises the exact same

---

[1] In his Motion to Reconsider, Debtor asserts "that the Court's order of May 31, 2016 ("May 31 Order"), annexed as Exhibit 'A', contains errors of law, and was determined without the supporting documentary evidence that would entitle Deutsche to the relief it sought."  The Court did not enter an order on May 31, 2016 in the above-referenced case.  Additionally, Debtor did not attach such May 31 Order as an exhibit to the Motion to Reconsider.

2

arguments Debtor raised in opposition to the original Motion, and because the Court already considered and rejected such arguments, Debtor's Motion to Reconsider should be denied.

On June 24, 2017, Debtor filed a sur-reply in further support of the Motion to Reconsider.[2] [dkt item 108]

*Legal Analysis*

The Motion to Reconsider should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). A motion to reconsider is properly considered under FRCP 59, which is incorporated into bankruptcy proceedings by Bankruptcy Rule 9023. *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996).

Additionally, Debtor asserts that the Motion to Reconsider should be considered under Rule 60 of the FRCP as incorporated by Bankruptcy Rule 9024, which provides that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). *See In re Coughlin*, 568 B.R. 461, 474 (Bankr. E.D.N.Y. 2017).

Accordingly, the Court will deem the Motion to Reconsider to be one under FRCP 59(e) and 60(b) as incorporated by Bankruptcy Rules 9023 and 9024.

***The Motion to Reconsider should be denied under FRCP 59(e)***

---

[2] Debtor's Motion to Reconsider now contends "that the Court's order of April 20, 2017 ('April 20 Order'), contains errors of law, and was determined without the supporting documentary evidence that would entitle Deutsche to the relief it sought."

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Ramratan v. N.Y. City Bd. of Elecs.*, No. 06-cv-4770, 2006 U.S. Dist. LEXIS 64644, at *3 (E.D.N.Y. Sept. 11, 2006) (citing *JP Morgan Chase Bank v. Cook*, 322 F. Supp.2d 353, 354 (S.D.N.Y. 2004)); *Liberty Mut. Ins. Co. v. New York (In re Citron)*, 433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under Federal Rule of Civil Procedure 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769. Debtor bears the burden of establishing that there were controlling decisions or data that the Court overlooked which might reasonably be expected to alter the conclusion reached by the Court. Debtor has not met that burden.

In the Motion to Reconsider, Debtor has pointed to no facts or case law which were overlooked by this Court in rendering its decision in connection with the Motion. The Motion to Reconsider seems to request a "do-over" of the Motion and Debtor has failed to provide this Court with any analysis or case law that warrants any supplement to any of the Court's decisions.

***The Motion to Reconsider should be denied under FRCP 60(b)***

In the Second Circuit, the reference to "mistake" in Rule 60(b)(1) has been held to include mistakes made by the court. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (citing *Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955)); *In re*

*Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010), *aff'd*, No. 10 CIV. 2493 (AKH), 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd sub nom.*, *Mauro Motors Inc. v. Old Carco LLC*, 420 Fed.Appx. 89 (2d Cir. 2011); *Coughlin*, 568 B.R. at 477. Further, the Second Circuit acknowledges that Rule 60(b) is not a substitute for a direct appeal from an erroneous judgment, and that a court may employ Rule 60(b)(1) to correct its own substantive error, whether a mistake of law or mistake of fact. *Old Carco*, 423 B.R. at 47; *Coughlin*, 568 B.R. at 477.

As Chief Judge Craig of this Court has stated, "The term 'mistake' as used in Rule 60(b)(1) refers to an excusable litigation mistake or a court's substantive mistake in law or fact. Excusable neglect is an 'elastic concept,' that considers all relevant circumstances, including prejudice to the non-movant, length of the delay, potential impact on judicial proceedings, reason for the delay (including whether it was within the control of the movant), and whether the movant acted in good faith." *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009) (internal citations omitted); *Coughlin*, 568 B.R. at 477.

Debtor has failed to point to a substantive mistake in law or fact that this Court made in rendering its decision in connection with the Motion.

Therefore, the Motion to Reconsider lacks legal merit and should be denied.

Accordingly, it is hereby

**ORDERED**, that pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates FRCP 59 and 60, the Motion to Reconsider is denied.



Dated: October 6, 2017
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**