UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

SAMUEL OSUJI,                                                 Case No.: 15-75534-AST

                Debtor.
-------------------------------------------------------------x

# ORDER OVERRULING OBJECTIONS TO UNFILED CLAIMS

Currently pending before the Court are: (1) Samuel Osuji's (the "Debtor") motion to object to claim and avoid lien held by Fremont Investment & Loan ("Fremont") encumbering certain real property located at 247 East Fulton Avenue, Hempstead, New York 11575 (the "East Fulton Property" and the "East Fulton Claim Objection") [dkt item 84]; (2) Debtor's motion to object to claim and avoid lien held by IndyMac Bank F.S.B. ("IndyMac") encumbering certain real property located at 113 Lawrence Street, Uniondale, New York 11553 (the "Lawrence Street Property") [dkt item 86] as amended on May 15, 2017 [dkt items 88, 90] (the "Lawrence Street Claim Objection"); and (3) Debtor's motion to object to claim and avoid lien held by New Century and/or U.S. Bank National Association, As Trustee for the GSAMP Trust 2006-NC1 Mortgage Pass-Through Certificates, Series 2006-NC1 ("U.S. Bank") encumbering certain real property located at 126 William Street, Hempstead, New York 11550 [dkt item 110] (the "William Street Property" and the "William Street Claim Objection" and along with the East Fulton Claim Objection and the Lawrence Street Claim Objection, the "Claim Objections").[1] For the reasons herein, the Claim Objections are overruled.

---

[1] Debtor also filed a claim objection to the lien of Fremont Investment & Loan; and/or HSBC Bank USA, National Association, As Trustee for Home Equity Loan Trust Series ACE 2005-HE5 encumbering certain real property located at 36 John Street, Roosevelt, NY 11575 (the "John Street Property" and the "John Street Claim Objection") [dkt item 109].  Debtor has withdrawn the John Street Claim Objection.  [dkt item 116]

*General background*[2]

On December 30, 2015, Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  Kenneth Kirschenbaum was appointed the chapter 7 trustee (the "Trustee").

On January 13, 2016, Debtor filed bankruptcy schedules, including Schedule A/B, claiming, *inter alia*, a fee simple ownership interest in various parcels of real property including the East Fulton Property, the Lawrence Street Property, and the William Street Property (the "Properties"). [dkt item 9]

Debtor filed adversary proceedings related to each of these (and other) Properties, each seeking, *inter alia*, a declaratory judgment that certain parties were not the holders of the notes and mortgages encumbering each of the Properties (the "Adversaries").

On May 2, 2016, the Court entered an Order discharging Debtor (the "Discharge Order"). [dkt item 29]

On October 27, 2016, the Trustee filed a status report and stated, among other things, that he did not intend to administer any interest of this bankruptcy estate in the William Street Property nor the Lawrence Street Property, but that he intended to administer the estate's interest in the East Fulton Property. [dkt item 40]

On October 28, 2016, the Trustee filed a Notice of Discovery of Assets and indicated a deadline of January 26, 2017 for proofs of claim to be filed (the "Discovery of Assets").  [dkt item 41]

---

[2] Given the extensive litigation brought to this Court by Debtor, the Court assumes familiarity with the facts and procedural history based on numerous orders thus far entered, which are referenced only as necessary to explain the Court's current Order.

This Court has abstained from hearing the Adversaries, except for the one relating to the East Fulton Property. *Osuji v. New Century Mortg. Corp. (In re Osuji)*, 564 B.R. 180, 182 (Bankr. E.D.N.Y. 2017) (abstaining from multiple adversary proceedings); *See generally Osuji v. Fed. Nat'l Mortg. Ass'n*, 571 B.R. 518, 524 (E.D.N.Y. 2017) (affirming this bankruptcy court's abstention from related adversary proceeding and finding bankruptcy court did not abuse its discretion in permissively abstaining from adversary proceeding). Subsequent to the Court abstaining from the various adversaries, Debtor filed the Claim Objections, which largely duplicate the Adversaries and seek, *inter alia*, to void the liens encumbering each of the Properties. Additionally, this Court has entered an order lifting the automatic stay as it relates to the Lawrence Street Property [dkt item 85]. *See In re Osuji*, No. 8-15-75534-AST, 2017 WL 1956845 (Bankr. E.D.N.Y. May 9, 2017) (Order granting relief from the automatic stay), *reconsideration denied sub nom. Osuji*, No. 15-75534-AST, 2017 WL 4542911 (Bankr. E.D.N.Y. Oct. 6, 2017).

*Jurisdiction and venue*

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

*Findings of fact and conclusions of law*

This decision constitutes the Court's findings of fact and conclusions of law as required by Rule 7052 and Rule 9014(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

*The Lawrence Street Adversary Proceeding and Stay Relief Motion*

On March 30, 2016, acting *pro se*, Debtor commenced an adversary proceeding (the "Lawrence Street Adversary") against IndyMac by the filing of a complaint (the "Lawrence Street Complaint"), assigned adversary proceeding number 16-08045. [adv. pro. no.: 16-08045; dkt item 1] In the Lawrence Street Complaint, Debtor alleges, *inter alia*, that IndyMac is not the holder of the note and mortgage that encumbers the Lawrence Street Property.

Additionally, Debtor alleges as follows: that on August 17, 2009, IndyMac commenced a state court foreclosure action against the Lawrence Street Property by filing an action against a purported prior owner of that property, a Fidelis Mgbeahuru, assigned state court index number 016475/2009 (the "2009 Mgbeahuru Case"); that IndyMac did not revoke its notice of acceleration of the mortgage; however, Debtor did not allege that the 2009 Mgbeahuru Case was closed or what its disposition was. Debtor further alleged: that on November 20, 2012,[3] Debtor filed a state court action against Mr. Mgbeahuru to determine title to the Lawrence Street Property, state court index number 014253/2012 (the "2012 Mgbeahuru Case"); that on March 7, 2014, the state court entered an order in favor of Debtor, vesting title to the Lawrence Street Property in him free of any liens. Debtor does not allege that he joined IndyMac or any other mortgagee of record in the 2012 Mgbeahuru Case. Thus, Debtor contends he acquired an ownership interest in the Lawrence Street Property while the 2009 Mgbeahuru Case was pending but chose not to intervene in that action, and that the interest Debtor acquired was after Mr.

---

[3] The Court also notes that Debtor here also alleged in his IndyMac Complaint that on May 21, 2012, Mr. Mgbeahuru filed for chapter 7, under case no. 12-73271-reg, and that pursuant to 11 USC §§ 521 (a)(2)(A), 542(a), he surrendered the Lawrence Street Property to IndyMac in full satisfaction of the secured debt owed to IndyMac. In its Answer, Deutsche admitted that this property was surrendered by Mr. Mgbeahuru but to OneWest as successor to IndyMac.

Mgbeahuru had already surrendered his interest in the Lawrence Street Property to IndyMac as part of Mr. Mgbeahuru's bankruptcy.

On July 26, 2016, the Court entered an *Order to Show Cause as to Why the Court Should Not Abstain from Hearing this Adversary Proceeding*. [adv. pro. no.: 16-08045; dkt item 19]

On February 2, 2017, the Court issued a *Decision and Order* abstaining from hearing the Lawrence Street Adversary (the "Lawrence Street Order to Abstain"). [adv. pro. no.: 16-08045; dkt item 29] The Court determined that permissive abstention from the Lawrence Street Adversary was warranted for the efficient administration of the estate, as the Trustee has determined not to pursue any interest in the Lawrence Street Property, state law issues predominate over bankruptcy related issues, and because there is a pending state court proceeding related to the Lawrence Street Property. *Osuji*, 564 B.R. at 188.

On March 15, 2017, Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1 ("Deutsche"), filed a motion for relief from the automatic stay with respect to the Lawrence Street Property and scheduled a hearing for April 20, 2017 (the "Lawrence Street Stay Relief Motion"). [dkt items 69, 70]

On April 20, 2017, the Court held a hearing on the Lawrence Street Stay Relief Motion. Deutsche appeared at the Hearing by counsel; Debtor appeared along with counsel.

On April 27, 2017, Debtor filed a motion to reconsider the Lawrence Street Stay Relief Motion (the "Lawrence Street Motion to Reconsider"). [dkt item 82]

On May 9, 2017, the Court entered an Order granting Deutsche relief from the automatic stay as it relates to the Lawrence Street Property (the "Lawrence Street Stay Relief Order"). [dkt item 85] The Lawrence Street Stay Relief Order states:

> The Court in abstaining from the [Lawrence Street] Adversary has already determined that Debtor's filing stayed a state court proceeding; to keep the stay in effect is inimical to the ability of the parties to receive a determination of who has what rights in the Property. As this Court abstained in favor of the state court, clearly so that court could adjudicate the claims of Debtor and Deutsche, … were the stay to remain in effect, there would be no ability of the state court to adjudicate the very claims and assertions made by Debtor and by Deutsche.

*Osuji*, No. 8-15-75534-AST, 2017 WL 1956845 at *4.

On May 23, 2017, Debtor filed his Notice of Appeal to District Court of the Lawrence Street Stay Relief Order.  [dkt item 93]

On October 6, 2017, the Court entered an Order denying Debtor's Lawrence Street Motion to Reconsider.  [dkt item 122]

***The Lawrence Street Claim Objection***

On May 10, 2017, Debtor filed the Lawrence Street Claim Objection, in which he asserts, among other things, that the IndyMac lien encumbering the Lawrence Street Property should be disallowed and void pursuant to 11 U.S.C. § 506(d)(2) and § 502 because a proof of claim asserting the lien was not timely filed after the Trustee's Discovery of Assets.

On June 2, 2017, Deutsche filed an opposition to the Lawrence Street Claim Objection (the "Deutsche Opposition").  [dkt item 99]  Deutsche asserts that, as a secured creditor, it was not required to file a claim in Debtor's case to preserve its lien against the Lawrence Street Property, the Lawrence Street Claim Objection is procedurally improper as it was not brought as an adversary proceeding pursuant to Bankruptcy Rule 7001, and it is duplicative of the Lawrence Street Adversary, from which this Court has already abstained.

On June 20, 2017, Debtor filed an affirmation in further support of the Lawrence Street Claim Objection [dkt item 106], asserting that due to Deutsche's failure to timely file a proof of claim its lien is extinguished as to the Lawrence Street Property.[4]

On September 18, 2017, Deutsche filed a sur-reply in support of the Deutsche Opposition. [dkt item 120]

*The William Street Adversary*

On January 29, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08017 (the "William Street Adversary") against New Century Mortgage Corporation ("New Century") and U.S. Bank (collectively the "William Street Defendants" and the "William Street Complaint"). [adv. pro. no.: 16-08017; dkt item 1]  In the William Street Complaint, Debtor alleges, *inter alia*, that the William Street Defendants are not the holders of the note and mortgage that encumber the William Street Property.

In the William Street Complaint, Debtor alleges that in July 2007, U.S. Bank commenced a state court foreclosure action against the William Street Property by filing an action against a Chima Williams, state court index number 14623/2007 (the "2007 William Street Case"), but that the 2007 William Street Case was marked off the state court calendar for lack of prosecution on October 24, 2012.  Debtor further alleges that: on June 30, 2009, U.S. Bank commenced another foreclosure action against the William Street Property and Mr. Williams under state court index number 010399/2009 (the "2009 William Street Case"), which action was dismissed by the state court on March 27, 2015; that on August 2, 2013, he took ownership of the William Street Property from Mr. Williams through a bargain and sale deed; thus, Debtor alleges he

---

[4] Debtor improperly linked the affirmation in support to unrelated motions, through the Court's CM/ECF system, thus making it impossible to determine from the docket that the affirmation was related to the Lawrence Street Claim Objection.

acquired an ownership interest in the William Street Property while the 2009 William Street Case was pending but chose not to intervene in that action. Debtor essentially seeks a determination that he alone holds an interest in the William Street Property and that the William Street Defendants do not have any interest in the William Street Property as such matters have been adversely determined against them in state court.

On July 26, 2016, the Court entered an *Order to Show Cause as to Why the Court Should Not Abstain from Hearing this Adversary Proceeding*. [adv. pro. no.: 16-08017; dkt item 9]

On February 2, 2017, the Court issued a *Decision and Order* abstaining from hearing the William Street Adversary ("William Street Order to Abstain"). [adv. pro. no.: 16-08017; dkt item 16] The Court determined that permissive abstention from the William Street Adversary was warranted for the efficient administration of the estate, as the Trustee has determined not to pursue any interest in the William Street Property, state law issues predominate over bankruptcy related issues, and because there is a pending state court proceeding related to the William Street Property. *Osuji*, 564 B.R. at 189.

On February 13, 2017, Debtor filed his notice of appeal of the William Street Order to Abstain to the District Court. [adv. pro. no.: 16-08017; dkt item 17]

***The William Street Claim Objection***

On June 28, 2017, Debtor filed the William Street Claim Objection [dkt item 110], in which he asserts, among other things, that the U.S. Bank lien encumbering the William Street Property should be disallowed and void pursuant to 11 U.S.C. § 506(d)(2) and § 502 because a proof claim was not timely filed by U.S. Bank after the Trustee's Discovery of Assets.

On July 10, 2017, U.S. Bank filed an opposition to the William Street Claim Objection (the "William Street Opposition"). [dkt item 112] U.S. Bank asserts that Debtor has failed to

claim an interest in the William Street Property in his amended schedules at docket item 87 and therefore lacks standing to challenge U.S. Bank's lien, U.S. Bank was not required to file a claim in Debtor's case to preserve its lien against the William Street Property, the William Street Claim Objection is identical to the Lawrence Street Claim Objection, and the William Street Claim Objection is duplicative of the William Street Adversary, from which this Court has already abstained.

On July 20, 2017, Debtor filed an affidavit in further support of the William Street Claim Objection (the "William Street Support").  [dkt item 114]

On September 18, 2017, U.S. Bank filed a sur-reply in response to the William Street Support [dkt item 119], in which it asserts that in connection with the William Street Support, Debtor attached certain forged documents to the affidavit including (i) an assignment of mortgage dated April 14, 2014, which was recorded with the Nassau County Clerk on February 7, 2017, as Instrument Number 2017-00013783 purporting to assign the William Street Mortgage held by U.S. Bank to N City Corp.; and (ii) Satisfaction of Mortgage dated October 19, 2016 and recorded with the Nassau County Clerk on June 5, 2017, as Instrument Number 2017-00055652, corrected by Instrument Number 2017-00067685 dated July 12, 2017 signed by N City allegedly cancelling and discharging the William Street Mortgage.[5]

*The East Fulton Adversary and Claim Objection*

On March 28, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08044 (the "East Fulton Adversary") against U.S. Bank (the "East Fulton Complaint").  [adv. pro. no.:

---

[5] On September 15, 2017, U.S. Bank commenced an adversary proceeding against Debtor, among others, in connection with the alleged forged documents.  [adv. pro.no 17-08248-ast]

16-08044; dkt item 1]  In the East Fulton Complaint, Debtor alleges, *inter alia*, that U.S. Bank is not the holder of the note and mortgage that encumber the East Fulton Property.

On May 2, 2016, Debtor filed a motion for default judgment ("Motion for Default Judgment"). [adv. pro. no.: 16-08044; dkt item 3]

On July 26, 2016, the Court entered an *Order to Show Cause as to Why the Court Should Not Abstain from Hearing this Adversary Proceeding*.  [adv. pro. no.: 16-08044; dkt item 7]

On September 21, 2016, Wells Fargo Bank NA as servicer for U.S. Bank National Association as Trustee for SG Mortgage Securities Asset-Backed Certificates Series 2006-FRE2 ("Wells") on behalf of U.S. Bank filed a motion to vacate any perceived default and to set time frames to respond to the Complaint ("Motion to Extend"). [adv. pro. no.: 16-08044; dkt item 12]

On February 10, 2017, the Court entered an Order, *inter alia*, Denying Debtor's Motion for Default Judgment and granting the Motion to Extend (the "Order to Extend").  [adv. pro. no.: 16-08044; dkt item 21]

On February 13, 2017, Debtor filed his Notice of Appeal of the Order to Extend to the District Court. [adv. pro. no.: 16-08044; dkt item 22]

On March 2, 2017, Wells filed a motion to dismiss and in the alternative abstain from the East Fulton Complaint (the "East Fulton Motion to Dismiss").  [adv. pro. no.: 16-08044; dkt item 32]

On March 15, 2017, Debtor filed an opposition to the East Fulton Motion to Dismiss (the "East Fulton Opposition to Dismiss").  [adv. pro. no.: 16-08044; dkt item 34]

On April 14, 2017, Wells filed a reply in support of the East Fulton Motion to Dismiss. [adv. pro. no.: 16-08044; dkt item 37]

On April 27, 2017, Debtor filed a sur-reply in further opposition to the East Fulton Motion to Dismiss.  [adv. pro. no.: 16-08044; dkt item 38]

On May 2, 2017, Debtor filed the East Fulton Claim Objection, in which he asserts, among other things, that the Fremont lien encumbering the East Fulton Property should be disallowed and void pursuant to 11 U.S.C. § 506(d)(2) and § 502 because a proof of claim was not timely filed after the Trustee's Discovery of Assets.[6]  [dkt item 84]

On May 23, 2017, Deutsche filed a reservation of rights to object to an attempt of Debtor to avoid the lien held by Deutsche against the Lawrence Street Property by way of the East Fulton Claim Objection.  [dkt item 92]

*Discussion*

"After the commencement of a bankruptcy case, a debtor's creditors are entitled to file a proof of claim documenting their right to receive payment from the debtor's estate." *In re Taranto*, No. 10-76041-ast, 2012 Bankr. LEXIS 1320, at *17 (U.S. Bankr. E.D.N.Y. Mar. 27, 2012) (citing *In re King*, 2010 Bankr. LEXIS 3830, 2010 WL 4290527, at *5 (Bankr. E.D.N.Y. Oct. 20, 2010) (citing *In re Peterson*, 2009 Bankr. LEXIS 2099, 2009 WL 994945, at *4 (Bankr. N.D. Ill. Apr. 10, 2009))); *see Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 167 L. Ed. 2d 178, (2007).  Additionally, under § 501(c) and Bankruptcy Rule 3004, a debtor or trustee may file a proof of claim on behalf of a creditor. Section 502(a) of the Bankruptcy Code provides "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, ... objects."

---

[6] In the East Fulton Claim Objection, Debtor makes multiple references to the Lawrence Street Property and the state court proceedings involving Mr. Mgbeahuru, in addition to U.S. Bank and Wells Fargo. It is unclear how the Lawrence Street Property and Mr. Mgbeahuru are implicated by the East Fulton Claim Objection.

This Court has previously stated that in a Chapter 7 case, "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam* while leaving intact another—namely, an action against the debtor *in rem*." *In re Caliguri*, 431 B.R. 324, 328 (Bankr. E.D.N.Y. 2010) (citations omitted); *See Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (Unless avoided by the Court, a creditor's lien will pass through bankruptcy unaffected.) "A secured creditor is not required to file a proof of claim and its failure to do so will not result in the loss of its lien rights because, after the bankruptcy case is concluded, the secured creditor may pursue the collateral to satisfy its lien." *In re Kohout*, 560 B.R. 399, 405 (Bankr. N.D.N.Y. 2016), *aff'd sub nom. Kohout v. Nationstar Mortg., LLC*, 576 B.R. 290 (N.D.N.Y. 2017). If a secured creditor elects not to file a proof of claim and a claim is not filed on behalf of the creditor, then normally the lack of a proof of claim will not affect the creditor's lien rights. *In re Oudomsouk*, 483 B.R. 502, 508 (Bankr. M.D. Tenn. 2012).

Debtor concedes that once a creditor files a claim, the creditor "triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." Lawrence Street Claim Objection, Para. 34 (quoting *Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990)). But here, neither Fremont, nor U.S. Bank, nor Deutsche elected to file a claim and Debtor has not filed any claims on their behalf; thus Debtor has failed to establish how these creditors subjected their liens to the claims allowance process of the Bankruptcy Code.[7]

---

[7] As the Debtor's Claim Objections are substantially similar in substance, the Court will address them all together.

Debtor relies on § 506(d)(2) as grounds to void Fremont, U.S. Bank and Deutsche's liens. 11 U.S.C § 506(d) provides:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506. However, that statute expressly precludes avoiding a lien that is "not an allowed secured claim" if that lien is not an allowed secured claim "due only to the failure of any entity to file a proof of such claim." *Burkhart v. Cmty. Bank of Tri-Cty.*, No. CV PJM 14-315, 2016 WL 4013917, at *5 (D. Md. July 27, 2016). Said otherwise, § 506(d)(2) expressly prevents a bankruptcy court from disallowing a claim and extinguishing a lien for a party's failure to file a timely claim. *In re Be-Mac Transp. Co., Inc.*, 183 B.R. 563, 565 (E.D. Mo. 1995), *aff'd and remanded*, 83 F.3d 1020 (8th Cir. 1996); *In re Shelton*, 735 F.3d 747, 750 (8th Cir. 2013). As Fremont, Deutsche, and U.S. Bank did not timely file claims, their statuses as not having allowed secured claims can only be attributed to their failure to file proofs of claim. Accordingly, Fremont, Deutsche, and U.S. Bank's respective liens, if any, are not void due to their failure to timely file proofs of claim pursuant to § 506(d)(2).

This is not a determination that Fremont, Deutsche, or U.S. Bank have enforceable liens against the Properties. This Court has lifted the automatic stay as it relates to the Lawrence Street Property and, in doing so, determined that Deutsche has standing under New York state law to seek to enforce the note and mortgage encumbering the Lawrence Street Property; but the Court, in lifting the automatic stay, did not make a determination of who has what rights in the

Lawrence Street Property. Additionally, the Court abstained from hearing the adversaries commenced by Debtor seeking to determine the validity of the liens encumbering the Lawrence Street Property and William Street Property.[8] The Court has determined, *inter alia*, state law issues predominate over bankruptcy related issues, and the Court will not make a determination of the validity of the notes and mortgages encumbering the William Street Property and Lawrence Street Property.

Finally, Debtor's Claim Objections are procedurally improper. Bankruptcy Rule 3007, which governs objections to claims, provides that a party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding. Bankruptcy Rule 7001(2), governing adversary proceedings, provides that a party seeking a judicial determination of the validity, enforceability, priority or extent of a lien or other interest in property must generally seek such relief through the filing of an adversary proceeding. *See In re Escobar*, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011). Here, Debtor, through the Claim Objections, seeks a determination that the liens encumbering the Properties are void, such request for relief must be brought by the filing of an adversary proceeding(s) pursuant to Bankruptcy Rule 7001(2).

Accordingly, after due deliberation and for good cause shown, it is hereby

---

[8] In the East Fulton Adversary, the Court has not yet ruled on, among other things, its *Order to Show Cause as to Why the Court Should Not Abstain from Hearing this Adversary Proceeding*. [adv. pro. no.: 16-08044; dkt item 7]

**ORDERED**, that the Debtor's East Fulton Claim Objection, Lawrence Street Claim Objection, and William Street Claim Objection are all overruled.



|  |  |
|---|---|
| **Dated: January 17, 2018**<br>**Central Islip, New York** | **Alan S. Trust**<br>**United States Bankruptcy Judge** |